# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-cr-00864 |
| Plaintiff, | ) ) | The Hon. Thomas M. Durkin |
| vs. | ) ) | |
| RISHI SHAH, SHRADHA AGARWAL, BRAD PURDY and ASHIK DESAI, | ) ) ) | |
| Defendants. | ) ) ) | |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | Case No. 19-cv-7528 |
| Plaintiff, | ) ) | The Hon. Thomas M. Durkin |
| vs. | ) ) | [*concurrently filed in both cases*] |
| RISHI SHAH, SHRADHA AGARWAL, BRAD PURDY, and ASHIK DESAI, | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' JOINT MOTION TO MODIFY PROTECTIVE ORDER GOVERNING DISCOVERY

Defendants Rishi Shah, Shradha Agarwal, and Brad Purdy jointly move for an order to modify the protective order in the above-captioned criminal case, 19-cr-00864 ("Criminal Case"). Specifically, the discovery produced by the government in the Criminal Case is subject to a protective order (Dkt. 40) limiting the use of the materials to that case. As the Court is aware, the DOJ and SEC, among other government agencies, conducted a joint investigation that resulted in the instant case as well as a parallel civil lawsuit, *Securities and Exchange Commission v. Shah, et al.*, 1:19-cv-752 ("SEC Case"). When civil discovery began in the SEC Case, the parties in the SEC Case agreed that the SEC would not be required to reproduce to the defendants the documents

from the joint investigation that already had been produced to the defendants by the DOJ in the criminal case and, thus, were already in all three parties' possession, but those documents would nonetheless be treated as having been produced in the SEC Case.

On August 13, 2021, the SEC issued Requests for Production from the defendants. As part of the meet and confer process, the SEC indicated that it was not in possession of certain categories of documents – namely, those that the DOJ obtained through grand jury subpoena and through search warrants – and sought to have defendants produce those documents to the SEC. The SEC analyzed the DOJ's index of discovery and compiled a list (attached as Exhibit A) of all the materials the DOJ had produced to the defendants, but not to the SEC. The defendants are prohibited from producing these documents by the protective order in the Criminal Case.

The SEC's position is that it is not a party in the Criminal Case and requested that the defendants present this motion for a modification of the protective order to permit the defendants to produce the documents to the SEC. We note that unlike in traditional party discovery, the documents currently sought by the SEC are not custodial party documents: they are merely in the possession of the defendants by virtue of the ordering of the proceedings. Nonetheless, defendants have no objection to either the DOJ or the defense providing the materials in question to the SEC. Moreover, defendants have no objection to restricting the use of these materials by entering in the SEC Case a protective order similar to the one entered in the Criminal Case.

Defendants presented a draft of this motion to counsel of the DOJ and counsel for the SEC. The DOJ has stated that it objects to this motion. The SEC has stated that it does not oppose this motion. Also, the SEC does not oppose the entry in the civil enforcement case of a new protective order governing any materials produced to the SEC that were obtained by the DOJ pursuant to a Grand Jury subpoena, including transcripts of testimony before a Grand Jury. All other documents produced to the SEC pursuant to this motion, as well as previously produced documents – including the materials referenced in the below paragraph – shall be governed by the Agreed Confidentiality Order previously entered into by the parties to the civil enforcement case (Dkt. 99).

Finally, since the protective order issue has now been surfaced, defendants also ask the Court to formally approve the process agreed upon by the parties: that the SEC need not waste the resources necessary to relabel and reproduce the more than 2.3 million pages of documents in its possession that the DOJ has already produced to the defendants for use in the SEC case. Specifically, these documents include the materials produced by Outcome Health (DOJ000001-DOJ0002337621) and the reports of interviews of the witnesses (documents with bates prefix DOJ-REPORT), as well as any other documents the SEC confirms in writing are in its possession.

Dated: November 3, 2021

/s/ Vicki Chou
John C. Hueston
Vicki Chou
HUESTON HENNIGAN LLP
523 W. 6th Street, Suite 400
Los Angeles, CA 90014
Tel: (213) 788-4340
jhueston@hueston.com
vchou@hueston.com

*Attorneys for Rishi Shah*

Dated: November 3, 2021

/s/ Koren Larissa Bell
Stephen Gerard Larson
Koren Larissa Bell
LARSON LLP
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Tel: (213) 436-4888
slarson@larsonllp.com
kbell@larsonllp.com

Dated: November 3, 2021

/s/ Patrick Blegen
Patrick Blegen
Blegen & Garvey
53 West Jackson Boulevard, Suite 1437
Chicago, IL 60604
pblegen@blegengarv
Tel: (312) 957-0100

*Attorneys for Shradha Agarwal*

Dated: November 3, 2021    /s/ Theodore T. Poulos
Theodore T. Poulos
Emily C.R. Vermylen
Cotsirilos, Tighe, Streicker, Poulos & Campbell, Ltd.
33 N. Dearborn, Suite 600
Chicago, IL 60602
(312) 263-0345 - main office
tpoulos@cotsiriloslaw.com
evermylen@cotsiriloslaw.com

*Attorneys for Brad Purdy*