**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>RISHI SHAH, SHRADHA AGARWAL,<br>BRAD PURDY and ASHIK DESAI,<br><br>Defendants. | ) | Case No. 19-cr-00864<br><br>The Hon. Thomas M. Durkin |

**AMENDED PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the Defendants, and pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED that the Protective Order (Dkt. # 40) entered by the Court on December 9, 2019 is amended as follows:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendants, defendants counsel (defined as counsel of record in this case) and other persons employed to assist the defense solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Except as set forth in Paragraph No. 3, below, defendants and defendants' counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons assisting in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure

(collectively, "authorized persons"). Persons assisting in the defense, potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Defendants' counsel may provide to the United States Securities and Exchange Commission ("SEC") the materials bates stamped OH0830826–OH0830829 (corresponding to DOJ bates range DOJ-0000800475–DOJ-0000800478) and OH0831948–OH2908340 (corresponding to DOJ bates range DOJ-0000800943–DOJ-0002337621), which were produced by Outcome Health to the U.S. Department of Justice, and such materials may be used by the parties in *SEC v. Shah et al.*, 19-cv-7528, which is pending before this Court, pursuant to and subject to the terms of this Order. The SEC shall be deemed "authorized persons" for purposes of this order.

4. Moreover, the U.S. Department of Justice has produced documents to the defendants that the SEC had previously obtained from other sources in its underlying investigation of the Defendants. Nothing in this Order shall be construed to limit the SEC's or Defendants' use of documents the SEC obtained from sources other than the Department of Justice.

5. Defendants, defendants counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

6. Defendants, defendants counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to

authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

7. Before providing materials to an authorized person, defense counsel must provide the authorized person, including counsel for the SEC, with a copy of this Order.

8. Upon conclusion of all stages of this case, all of the materials subject to this Order and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

9. To the extent any material is produced by the United States to defendants or defendants counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case. Nothing in this Order shall limit the SEC's or Defendants' ability to use the documents Defendants produce to the SEC under this Order in connection with

proceedings in *SEC v. Shah et al.*, 19-cv-7528, including -- but not limited to -- attaching the documents to Court filings, using documents as exhibits in depositions, showing documents to witnesses, or admitting documents as evidence at a hearing.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

Thomas M Durkin

THOMAS M. DURKIN
District Court Judge
United States District Court
Northern District of Illinois
Date: February 3, 2022